IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL COLLINS, III,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF MENTAL HEALTH,<br><br>    Defendant. / | No. C 07-0668 WHA (PR)<br><br>**DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a patient at the Napa State Hospital, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the filing fee.

**DISCUSSION**

Plaintiff contends that his right of access to the courts is being violated by a new policy at the mental hospital where he is housed. The policy provides that unless a patient who is out to court returns to the institution within forty-eight hours, he must start his treatment over again and be housed in a different area than the one which he has achieved. Plaintiff also contends that this constitutes an Eighth Amendment violation, in that it is deliberate indifference to a serious medical need.

Plaintiff lists only the California department of Mental Health as a defendnat. Because the Department is a state agency, it cannot be sued in federal court, *see Simmons v. Sacramento County Superior Court*, 318 F.3d 1156,1161 (9th Cir. 2003), and plaintiff does not name

1  anyone who he contends is responsible for the allegedly-unconstitutional policy. The complaint
2  therefore must be dismissed with leave to amend.
3      In amending, plaintiff should bear in mind that [w]hile a complaint ... does not need
4  detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his
5  'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of
6  the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a
7  right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct.
8  1955, 1964-65 (2007). Plaintiff must "proffer enough facts to state a claim for relief that is
9  plausible on its face." *Id.* at 1986-87.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims. It would be helpful if plaintiff would explain whether he is confined at the hospital as the result of criminal proceedings.

2. It is the plaintiff's responsibility to prosecute this case. Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October  9 , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\COLLINS0668.DWLTA.wpd